**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Jeremy C.,<br><br>Plaintiff,<br><br>v.<br><br>Frank Bisignano, Commissioner of Social Security,<br><br>Defendant. | Case No. 2:26-cv-2255-DJA<br><br>**Order** |

Before the Court is Plaintiff Jeremy C.'s amended complaint. (ECF No. 5). On July 29, 2026, the Court entered an Order granting Plaintiff's *in forma pauperis* application but dismissing Plaintiff's complaint without prejudice and giving him until August 28, 2026, to file an amended complaint. (ECF No. 4). Plaintiff filed an amended complaint on August 28, 2026. (ECF No. 5). The Court finds that Plaintiff's amended complaint is sufficient to survive screening. The Court finds these matters properly resolved without a hearing. LR 78-1.

## I. Discussion.

### *A. Screening Plaintiff's amended complaint.*

When a plaintiff seeks leave to file a civil case *in forma pauperis*, the court will screen the complaint. *See* 28 U.S.C. § 1915(e). For social security appeals, judges in this district consider four requirements for complaints to satisfy screening. *See, e.g.*, *Graves v. Colvin*, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (collecting cases). *See id.* First, the complaint must establish that administrative remedies were exhausted under 42 U.S.C. § 405(g) and that the plaintiff filed the application within 60 days after notice of the Social Security Commissioner's final decision. *See id.* Second, the complaint must indicate the judicial district in which the plaintiff resides. *See id.* Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims to have become disabled. *See id.* Fourth, the complaint must contain a plain, short, and

concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.[1] *See id.*

Plaintiff's amended complaint is sufficient to survive screening. First, Plaintiff alleges that he exhausted his administrative remedies and timely filed his application after the Commissioner's final decision. Second, Plaintiff indicates that he resides in this judicial district. Third Plaintiff states the nature of his disability and when he claims to have become disabled. Fourth, Plaintiff includes a plain, short, and concise statement identifying the nature of his disagreement with the Social Security Administration's decision and alleges that he is entitled to relief.

**IT IS THEREFORE ORDERED** that Plaintiff's amended complaint (ECF No. 5) is the operative complaint in this action.

DATED: August 31, 2026

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

[1] New rules govern social security cases, which provide in pertinent part that the plaintiff "may" provide a short and plain statement of the grounds for relief. Supp. R. Soc. Sec. 2(b)(2). In the context of an *in forma pauperis* screening, however, a social security plaintiff must still provide a sufficient explanation as to his contentions on appeal. *Jalal H. v. Comm'r of Soc. Sec.*, 2023 WL 35218, at *2 (S.D. Cal. Jan. 4, 2023).